131 Ill. App.2d 603 (1971)
268 N.E.2d 472
AVIS PLUMBING & HEATING CONTRACTORS CORP., Plaintiff-Appellant,
v.
McCORMICK THEOLOGICAL SEMINARY et al., Defendants-Appellees.
No. 55504.
Illinois Appellate Court  First District.
February 26, 1971.
William Henning Rubin, of Chicago, for appellant.
Burchmore, Good & Bobinette, of Chicago, for appellees.
Appeal dismissed.
Mr. JUSTICE DRUCKER delivered the opinion of the court:
Avis Plumbing & Heating Contractors Corp. (hereinafter "Avis") and William Henning Rubin (hereinafter "Rubin"), its attorney, appeal from three separate orders of the trial court. These orders, as stated in the notice of appeal filed September 21, 1970, include: (1) the order entered on January 28, 1970, directing that Rubin, attorney for Avis, pay the sum of $400 as attorney's fees to Burchmore, Good & Bobinette, attorneys for one of the defendants, (2) the order of August 11, 1970, requiring Rubin to show cause why he should not be held in contempt of court for failure to comply with the order of January 28, 1970, and (3) the order of September 11, 1970, stating that unless Rubin pays the aforementioned sum of $400 sanctions will be imposed upon him.
Supreme Court Rule 303(a) provides that a notice of appeal must be filed with the clerk of the circuit court within thirty days after the entry of a final judgment or within thirty days after the entry of an order disposing of a post-trial motion. Ill. Rev. Stat., 1969, ch. 110A, § 303(a). In In re Estate of Sherwood, 56 Ill. App.2d 334, the court held that where the order is enforceable and would subject the party who does not comply to contempt proceedings, the order carries with it the right to appeal.
The order of January 28, 1970, directing the payment of attorney's fees was not appealed until September 21, 1970, eight months after the entry of the order, and is therefore too late.
*604 The order of August 11, 1970, requiring Rubin to show cause why he should not be held in contempt, and the order of September 11, 1970, that "sanctions will be imposed" are not final, appealable orders as required by the Supreme Court Rules. Ill. Rev. Stat., 1969, ch. 110A, §§ 303, 304, 306 and 307.
In support of its contention that the orders of August 11 and September 11 are final and appealable appellant cites People ex rel. General Motors Corp. v. Bua, 37 Ill.2d 180, 191:
But we are not convinced that the dichotomy of discovery sanctions established by Rule 19-12(3) was intended to permit a trial court to render an interlocutory order final and appealable merely by the use of contempt language. The imposition of a fine or imprisonment as a sanction for contempt is final and appealable because it is an original special proceeding, collateral to, and independent of, the case in which the contempt arises. (12 I.L.P., Contempt, sec. 62, p. 47.)
In the instant case, however, no fine or imprisonment has been imposed by the trial court. The trial court's orders direct only that Rubin show cause and that unless the sum of $400 in attorney's fees is paid sanctions will then be imposed. Therefore, the trial court's orders of August 11 and September 11 are not final and appealable.
Appellee's motion to dismiss the appeal is allowed.
Appeal dismissed.
ENGLISH, P.J., and LORENZ, J., concur.