*In re* MARRIAGE OF LAURA JO KITCHEN, Petitioner-Appellee, and HAROLD LLOYD KITCHEN, Respondent-Appellant.

Third District No. 3—83—0679

Opinion filed July 27, 1984.

Kathy Olivero and Douglas Olivero, both of Louis E. Olivero, of Peru, for appellant.

Matthew A. Maloney, of Pierson & Maloney, of Princeton, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Respondent, Harold Kitchen, appeals from an order of the circuit court of Bureau County granting relief on petitioner Laura Jo (Kitchen) Curtis' petition for rule to show cause why the respondent should not be held in contempt of court. The court's order recites, *inter alia*, that the Bureau County Circuit Court has continuing subject matter and personal jurisdiction in this suit and that Harold Kitchen was in criminal contempt of court for violating the court's previously entered custody order. The court ordered that the respondent appear in court on a rule to show cause, that the respondent restore custody of the parties' daughter, Patricia Ann, to the petitioner, and that the respondent pay $2,600 in attorney fees and costs.

In his appeal, respondent raises two issues: (1) whether this court has jurisdiction to hear this appeal; and (2) whether the trial court properly exercised subject matter jurisdiction.

The marriage of Harold and Laura Jo was dissolved on April 22, 1980, in the circuit court of Bureau County, Illinois. At a subsequent hearing, temporary custody of Patricia Ann was granted to Laura Jo, with reasonable visitation rights to Harold. Harold moved to Montgomery County, Texas, in 1981. Thereafter Laura Jo moved to Lincoln, Nebraska, and filed a petition for leave to remove Patricia to Nebraska in the Bureau County Circuit Court on April 25, 1983. Although a hearing date was set for May 19, 1983, the record fails to indicate that any action was pursued on that petition. On July 22, 1983, Harold filed a petition to modify the Illinois custody order in the district court of Montgomery County, Texas. This was followed by a petition for rule to show cause filed by Laura Jo in Bureau County, Illinois, on August 12, 1983. Laura Jo's petition recited that Harold had refused to return Patricia Ann to Laura Jo's custody and had, instead, commenced a lawsuit in Texas to obtain custody. In support of the petition, petitioner attached a copy of a document signed by the parties on June 25, 1983. The document recites that the parties agreed to a six-week period of visitation by Patricia Ann with her father in Texas beginning June 25, 1983. Harold agreed to return Patricia Ann to Laura Jo on August 6, 1983.

On August 25, 1983, the Texas court heard Harold's petition to modify and took the custody matter under advisement pending the

outcome of the Illinois court's decision on the question of its subject matter jurisdiction respecting Laura Jo's show-cause petition. Although the Texas court granted physical custody of Patricia Ann to Harold pending its ruling in that lawsuit, the court specifically recited that it was not entering a ruling with respect to permanent or temporary custody at that time.

On September 16, 1983, the Bureau County Circuit Court heard testimony on Laura Jo's petition for rule to show cause. Harold's attorney filed a special and limited appearance and appeared in court. He did not participate in the proceeding when the court found that it had personal and subject matter jurisdiction to hear the pending matter. At the completion of testimony, the court entered its order granting the relief requested by Laura Jo, and a timely notice of appeal was filed by Harold.

The parties initially dispute the jurisdiction of this court. Harold argues that his appeal is authorized by Supreme Court Rule 307(a) (87 Ill. 2d R. 307(a)), from an interlocutory order granting an injunction. Laura Jo disagrees, contending that she did not seek injunctive relief in her petition for a rule to show cause, and further, that it would be antagonistic to the ends of justice to permit the noncustodial parent to wrongfully deny the custodial parent of custody and then confer appellate jurisdiction upon the entry of an order requiring him to comply with a previously entered custody order. We agree with the petitioner that this court lacks appellate jurisdiction.

■ Essentially, the order entered seeks to enforce the temporary custody order entered by the Bureau County court in November of 1980. The court's exercise of its contempt power to enforce its order by requiring respondent to pay attorney fees and costs and appear in court to show why he should not be punished for criminal contempt does not render the order final or appealable. An order imposing punishment for contempt must first have been entered by the trial court. Then, if the contemnor seeks to exercise his right of appeal to this court, he should do so under Rule 303 (94 Ill. 2d R. 303). (*Avis Plumbing & Heating Contractors Corp. v. McCormick Theological Seminary* (1971), 131 Ill. App. 2d 603, 268 N.E.2d 472.) Punishment for contempt of court has not yet been imposed in this case. Thus, an appeal from final judgment under Rule 303 does not lie.

Nor do we find sufficient compliance with Supreme Court Rules authorizing interlocutory appeals to grant an appeal from the order in this case. As a rule interlocutory orders may not be appealed unless one of the exceptions set forth in Supreme Court Rules 306 through 308 applies. (*Lewis v. Canty* (1983), 115 Ill. App. 3d 306, 450 N.E.2d

864.) Appeals from interlocutory custody orders generally must proceed pursuant to Rule 306. However, since the respondent in this case has not filed an application for leave to appeal, he may not rely upon Rule 306(a)(1)(v) (94 Ill. 2d R. 306(a)(1)(v)).

Instead, respondent theorizes that an interlocutory appeal as of right lies under Rule 307(a)(1) where, as here, one party is effectively enjoined from certain conduct respecting the minor child or is directed to take certain action to comply with a custody determination. If such were the case, Rule 307(a)(1) would obviate Rule 306(a)(1)(v), which is specifically directed to appeals of interlocutory custody orders. It is clear to us that the supreme court carefully phrased Rule 306 to avoid the interpretation proposed by respondent by providing that the procedure outline therein applies "if the appeal of [interlocutory custody] orders is not otherwise *specifically* provided for elsewhere in these rules." (Emphasis added.) The generic reference to "injunctions" in Rule 307(a)(1) is not sufficiently specific to override the need for an application for leave to appeal in custody matters as required by Rule 306. See *In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137 (plaintiff's appeal of final custody order under Rule 304(a) found improper. Since other issues in dissolution proceeding were reserved for later consideration, plaintiff could pursue interlocutory appeal only under Rule 306(a)(1)(v)).

Finally we believe that the public policy of this State is furthered by restricting interlocutory appeals in custody matters to those cases which, in the sound discretion of the reviewing court, may be resolved without undue disruption to the family members involved in the dispute. In determining whether granting leave to appeal a temporary custody order is in the best interests of the child, we are especially mindful of this State's long-standing policy against shuttling the child from one contesting parent to the other and leaving the custody determination in a constant state of limbo. (See *Collings v. Collings* (1970), 120 Ill. App. 2d 125, 256 N.E.2d 108 (cited with approval in *Jarrett v. Jarrett* (1979), 78 Ill. 2d 337, 400 N.E.2d 421).) Where the child's current environment is not clearly harmful, courts of review will not countenance protracted litigation of custody matters to the extent that such can be avoided by denying leave to appeal. No facts have been presented in the instant case to indicate that the best interests of Patricia Ann would not be better served by denying leave to appeal in this case and thereby promoting some stability in her custodial situation as determined by the trial court's temporary order. Accordingly, we hold that no basis in law or reason exists for extending the scope of appeals as of right to the case before us; and, insofar as

the respondent has failed to pursue a discretionary interlocutory appeal, this court lacks jurisdiction to rule on the merits of this case.

Notwithstanding our finding that appellate jurisdiction was not properly invoked in this case, we choose to address the jurisdictional issue presented. (See *Lewis v. Canty* (1983), 115 Ill. App. 3d 306, 450 N.E.2d 864.) The Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1981, ch. 40, par. 2101 *et seq.*) provides guidelines by which the jurisdictional issue before us may be resolved. Section 4 of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 2104) recites: "(a) The circuit courts have jurisdiction to make a child custody determination by initial or modification judgment if: *** 2. it is in the best interest of the child that a court of this State assume jurisdiction because (i) the child and his parents, or the child and at least one contestant, have a significant connection with this State, and (ii) there is available in this State substantial evidence concerning the child's present or future care, protection, training, and personal relationships ***. (b) A court, once having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction to a foreign state or none of the parties to the action, including the child, remain in Illinois." Obviously, the Act permits some discretion in the trial court's determination of its "jurisdiction" to ensure that litigation concerning the child's custody takes place in the forum where the ties between the State and child and his family are the closest. See *In re Marriage of Thompson* (1983), 96 Ill. 2d 67, 449 N.E.2d 88.

■ In our opinion, the provisions recited above are adequate authority for affirming the Bureau County Circuit Court's determination that it had continuing jurisdiction to rule on the petitioner's motion for rule to show cause. Although no final custody order has been entered in this case, the parties remain subject to temporary custody orders entered in the dissolution proceeding pending in this State. Assuming that Laura Jo's petition for leave to remove Patricia Ann from this State was filed contemporaneously with their move to Nebraska, it would appear that Laura Jo and the minor child had resided in this State within six months of the contempt proceedings. Evidence of the child's well-being during the period between the entry of the only custody order—*i.e.*, the Illinois temporary custody order—and the instant contempt proceeding could be more readily documented from sources in Illinois than in any other State. While the State of Texas was an available forum, it is clear from the record of proceedings that the Texas district court chose to give deference to the Illinois court on the jurisdictional question. Neither party sought to invoke the jurisdiction of a Nebraska court. Laura Jo appeared personally in the Bureau

County Circuit Court and presented testimony in support of her motion for a rule to show cause. In our opinion, the best interests of Patricia Ann are served—and the requirements of the Uniform Child Custody Jurisdiction Act are satisfied—by permitting Laura Jo to proceed with her motion in the Illinois circuit court. We find no abuse of the Bureau County Circuit Court's discretion in ruling that it had continuing subject matter jurisdiction on these facts.

For the foregoing reasons, we dismiss the appeal and remand this cause for further proceedings.

Appeal dismissed; cause remanded.

HEIPLE and STOUDER, JJ., concur.