*In re* JOHNNY S. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Johnny S., Respondent-Appellee (Johnny S. *et al.*, Respondents-Appellants)).

First District (1st Division)   No. 1—91—0592

Opinion filed August 5, 1991.—Rehearing denied October 17, 1991.

Patrick T. Murphy, Public Guardian, of Chicago (David Feeley, of counsel), guardian *ad litem.*

Randolph N. Stone, Public Defender, of Chicago (Elizabeth Burke, Assistant Public Defender, of counsel), for appellee Johnny S.

JUSTICE CAMPBELL delivered the opinion of the court:

This appeal is brought by three minors, who are represented by their guardian *ad litem,* from entry of an order which allows the children to remain with their father pending a final custody determination although allegations of sexual abuse had been leveled at him.[1] (Ill. Rev. Stat. 1989, ch. 37, par. 802—10.) Another daughter, who had made these representations, was removed from the household by a separate protective order entered at the same time. The three minors here denied sexual contact with their father at the hearing. The court also denied the minors' motion for reconsideration of this order.

We will consider first a motion to dismiss this appeal brought by the children's father (respondent) which is based on a claim that appellate jurisdiction is lacking. In response, the minors claim that their appeal is proper under Illinois Supreme Court Rule 307(a)(1), arguing that a protective order is injunctive relief cognizable under this rule allowing an interlocutory appeal as of right. (134 Ill. 2d R. 307(a)(1).) For the following reasons, we disagree with the minors' position and therefore dismiss this appeal.

■ Section 2—10 of the Juvenile Court Act provides for hearings to determine temporary custody of a minor. (Ill. Rev. Stat. 1989, ch. 37, par. 802—10.) The statute authorizes the trial court to order immediate placement of a child if it finds probable cause to believe that it is a matter of urgent necessity for the child's protection. (*People ex rel. Jones v. Jones* (1976), 39 Ill. App. 3d 821, 350 N.E.2d 826.) An order of protection regarding the child may be entered if a finding of sufficient probable cause is made. Ill. Rev. Stat. 1989, ch. 37, par. 802—25.

■ Supreme Court Rule 307(a)(1) provides that an appeal may be taken from an interlocutory order granting, modifying, refusing or

---

[1]The State has adopted the minors' brief.

dissolving an injunction. (134 Ill. 2d R. 307(a)(1).) The question presented here is whether an order entered at a temporary custody hearing held pursuant to the Juvenile Court Act, which allows children to remain with their father, constitutes an injunction. We have found no case under this statute in which a reviewing court has made such a determination, although in some cases orders of protection barring public discussion of juvenile cases have been considered to be injunctive in nature and cognizable for appeal purposes. See *In re a Minor* (1989), 127 Ill. 2d 247, 537 N.E.2d 292; *In re Summerville* (1989), 190 Ill. App. 3d 1072, 547 N.E.2d 513.

We believe that the facts giving rise to this order of protection are similar to interim orders entered in dissolution of marriage proceedings wherein relief was granted but found not to be injunctive in nature for purposes of appeal. (*In re Marriage of Johnston* (1991), 206 Ill. App. 3d 262, 562 N.E.2d 1004; *In re Marriage of Meyer* (1990), 197 Ill. App. 3d 975, 557 N.E.2d 242.) In the *Johnston* case the court determined that a trial court's order from which appeal was sought merely represented a declaration of the husband's pension benefit rights. In *Meyer* the court held that proceeds of jointly held real estate be applied for purchase of another piece of property to accommodate one of the parties who had become disabled. However, in neither case had the parties' rights in the dissolution of their marriage been finally determined. We believe the order before us is similar. The parties' rights in the petition for adjudication of the minors' wardship had not been finally decided, and the trial court's interim decision to leave the parties' status intact does not elevate this order to one that is appealable under Rule 307(a)(1).

The minors rely on two recent appellate decisions, *In re Marriage of Blitstein* (1991), 212 Ill. App. 3d 124, 569 N.E.2d 1357, and *In re Marriage of Lombaer* (1990), 200 Ill. App. 3d 712, 558 N.E.2d 388, for the proposition that a temporary custody order in a dissolution of marriage case is appealable. However, we believe both cases are distinguishable. The court determined in *Blitstein* which of the two parties was entitled to possession and use of the marital home. That decision did not expressly determine the question of temporary custody of the children. Similarly, in *Lombaer* the court decided that it had jurisdiction to review the trial court's order regarding a physician's deposition and production of the wife's medical records. In conjunction with that decision the appellate court reviewed the order enjoining one spouse from entering the marital home, but this was made without any discussion of the appealability of that order. We therefore do not believe that either *Blitstein* or *Lombaer* is controlling.

■ We also note that the Illinois Supreme Court has specifically provided for immediate appeal of interlocutory orders terminating parental rights or granting, denying or revoking temporary commitment in adoption cases. (134 Ill. 2d R. 307(a)(6).) Had the supreme court wished to grant a similar right of appeal from the granting or denial of protective orders, it would have specifically done so. Further support for our construction is provided by Supreme Court Rule 306(a)(1)(v), in which the supreme court provided for permissive appeals "from interlocutory orders affecting the care and custody of unemancipated minors, if the appeal of such orders is not otherwise specifically provided for elsewhere in these rules." (134 Ill. 2d R. 306(a)(1)(v).) Because no other rule specifically provides for such an appeal, we believe that Rule 306 is applicable to this case. Because the minor-appellants have not even attempted to comply with the requirements of Rule 306(a)(1)(v), we grant the motion of the respondent-father and dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

BUCKLEY and O'CONNOR, JJ., concur.