This is an appeal brought by four minors, represented by their guardian ad litem, from entry of the trial court's orders of May 29, 1998, and June 3, 1998, allowing Leonard M. supervised overnight visits with the minors. The appealed orders of protection permit Leonard M. to participate in supervised day and overnight visitation with the children, and require him to cooperate with all reasonable requests of the Department of Children and Family Services (DCFS) and its assigns, provide samples for random drug and alcohol screens, refrain from using or possessing illegal substances or alcohol, and attend sexual abuse counseling.
FACTS
The minors at issue in the present case are K.C., S.C., J.M. and T.M., who are 19, 18, 14 and 12 years old, respectively. Clovia, mother of all of the children, is married to Leonard M., who is the biological father of J.M. and T.M. and the stepfather of K.C. and S.C.
Juvenile court proceedings were initiated against Leonard M. in June 1995, after his stepdaughter S.C. alleged he had fondled her breasts, buttocks and between her legs and watched her and K.C. undress through holes in the bathroom and bedroom of their home. On July 5, 1995, the court entered an order of protection against Leonard M., removing the children from Leonard M.'s custody and giving custody of the children to Clovia.
According to the record, Leonard M. is an alcoholic. He also has a history of deviant sexual behavior and admitted to looking at his stepdaughters through holes in the walls of his home. The "peeping" behavior began at age 14. One of the counselors who evaluated Leonard M. noted his deviant sexual behavior spanned 25 years, and his alcoholism contributed to this pattern.
All parties agree that family reunification is the ultimate goal in this case. From the time the order of protection was entered against Leonard M., he has been attending counseling and also Alcoholics Anonymous group meetings. There was testimony that, in early March of 1997, Leonard M. appeared at an evaluation and admitted to a relapse in that he had consumed alcohol. In March of 1997, after a hearing, the court entered an order giving DCFS the discretion to increase the frequency and duration of supervised visitation with K.C., J.M. and T.M., to run from a minimum of 2 hours per week to a maximum of 12 hours daily. The visitation was to be supervised by Clovia. Visitation was permitted with S.C. only if supervised by an approved DCFS worker.
The court received various progress reports indicating compliance *Page 36 
with the orders of protection. Various counselors and the DCFS caseworker who worked with Leonard M. and the family testified at these court dates. In February of 1998, the court was informed that Leonard M. had moved back into the home for approximately a month and a half, in violation of the order of protection. After a hearing, the trial judge concluded it was not in the best interest of the children to remove them from the home, but ordered that Leonard M. remain out of the home and continue treatment. No evidence of any unusual incidents related to any visitation has ever been reported.
The record indicates that Leonard M. had been submitting random urine drops for a period of time, but they were not tested for alcohol until after February of 1998. At the May 6, 1998, progress report, the court was presented with the results of five urine drops, all of which had tested negative for alcohol use.
At the May 29, 1998, hearing, the court granted a week-long extended visit, allowing Leonard M. to live in the home until June 3, 1998, but requiring supervision of all his contact with the children. At the June 3, 1998, hearing, the court increased the supervised visitation privileges from 12 hours a day to include supervised overnight visits up to 2 times weekly.
The minors, represented by their guardian adlitem, now appeal the May 29, 1998, and June 3, 1998, court orders. In response to this appeal, Leonard M. brought a motion to dismiss the appeal on jurisdictional grounds.
It should be noted that, while this appeal was pending, the trial court received at least one progress report, on August 14, 1998. During the progress report on August 14, 1998, the DCFS caseworker, Marilyn Melin, indicated a written safety plan was in effect and there had been no violation of the order of protection. Both the father and mother were in treatment at Midwest Family Counseling. Leonard M. had been moved up a step in therapy because of his progress. Leonard continued AA meetings three times per week and he had been randomly dropped for alcohol with all negative results. Leonard held a full-time job and was supporting his family. Since June 1998, Leonard had been participating in the weekend overnight visits and no problems or incidents had been reported. Caseworker Melin recommended that supervised overnight visits continue.
ANALYSIS
We first consider the motion to dismiss brought by Leonard M., which asserts that appellate jurisdiction is lacking. The minors provided alternate bases for the court's jurisdiction in their notice of appeal. We will address each of these jurisdictional issues separately. *Page 37 
It should be noted, however, that this court has no jurisdiction over the trial court order of protective supervision entered on May 29, 1998. This order allowed Leonard M. an extended visit, lasting for five days, with all contact with the minors to be supervised. That order expired by its own terms on June 3, 1998. On June 3, 1998, a new order was entered which granted Leonard M. supervised day and overnight weekend visitation, superseding the May 29, 1998, order. Therefore, the June 3, 1998, order now governs the visitation rights of Leonard M. and is the subject of this appeal.
Petitioner claims the appeal is proper under Illinois Supreme Court Rule 303, which addresses the timing of appeals from final judgments of the circuit court. 155 Ill.2d R. 303. Supreme Court Rule 303 provides, in relevant part:
 "(1) Except as provided *** below, the notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from ***." 155 Ill.2d R. 303(a)(1).
A final judgment is defined as one that fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. PA Floor Co. v. Burch, 289 Ill. App.3d 81,682 N.E.2d 107 (1997).
Further, an order is final where matters left for future determination are merely incidental to the ultimate rights that have been adjudicated by the order. In re Petition toIncorporate the Village of Greenwood, 275 Ill. App.3d 465, 470, 655 N.E.2d 1196 (1995); Deckard v. Joiner, 44 Ill.2d 412, 417, 255 N.E.2d 900 (1970). In the present case, we find that several significant matters are left for subsequent resolution, including unsupervised visits and family reunification.
A review of the June 3, 1998, order demonstrates that it fails to meet the standards of finality. On March 11, 1997, the court entered an elastic order for supervised visitation, which allowed Leonard supervised day visits with all the children at the discretion of DCFS consisting of a minimum of 2 hours per week to a maximum of 12 hours daily. From March of 1997 through June of 1998, the court heard various progress reports, which indicated the visits were going fine, with no unusual incidents reported and with the children enjoying the visits. Leonard was in compliance with treatment. As reflected by the record, the order of June 3, 1998, merely increased supervised visitation by allowing Leonard M. to go from supervised visitation of up to 12 hours per day to supervised overnight weekend visitation with the children 2 nights per week. Contrary to petitioner's assertion, *Page 38 
the order does not subject the children to unsupervised contact with Leonard M., but explicitly requires all contact to be supervised by Clovia or another adult. This order modifying supervised visitation does not fix visitation rights in a permanent manner and does not definitely resolve any part of the case.
We can find no authority under Rule 303 that provides that a supervised visitation order modifying a previous supervised visitation order in a juvenile court proceeding is final and appealable. Petitioner relies on two appellate decisions, Inre Marriage of Fischer, 228 Ill. App.3d 482,592 N.E.2d 604 (1992), and In re Marriage of Gordon,233 Ill. App.3d 617, 599 N.E.2d 1151 (1992), in support of its position. Gordon addressed the issue of change of custody and whether such a custody determination was a final and appealable order. Fischer concerned a petition for a protective order filed by a wife where the court granted her exclusive possession of the marital residence. In contrast, this case concerns a modification of a preexisting supervised visitation order, and unlike an order of custody or an order granting exclusive possession, it does not absolutely and finally fix the rights of the parties. We therefore do not believe that either Gordon or Fischer is controlling and reject petitioner's argument that this appeal is proper under Illinois Supreme Court Rule 303.
In the alternative, the petitioner claims that the appeal is proper under Illinois Supreme Court Rule 307(a)(1), arguing that a protective order is injunctive relief allowing an interlocutory appeal. 166 Ill.2d R. 307(a)(1). Rule 307(a)(1) provides that an appeal may be taken from an interlocutory order granting, modifying, refusing or dissolving an injunction. The question presented here is whether an order entered modifying supervised visitation from 12 hours per day to include supervised overnight visitation 2 nights a week constitutes an injunction. We believe the facts giving rise to this order of protective supervision are similar to interim orders entered in dissolution of marriage proceedings wherein relief was granted but found not to be injunctive for purposes of appeal. See In re Marriage ofJohnston, 206 Ill. App.3d 262, 562 N.E.2d 1004 (1990);In re Marriage of Meyer, 197 Ill. App.3d 975,557 N.E.2d 242 (1990).
It should be noted that the court, by the order of June 3, 1998, is not reinstating contact between Leonard M. and the minors. Such contact was already allowed under the preexisting order for up to 12 hours a day, 7 days a week. The court did not change the supervised nature of the contact, but merely modified the contact from up to 12 hours per day to include overnight weekend visits 2 times per week.
The case of In re Johnny S., 219 Ill. App.3d 420,579 N.E.2d 926 (1991), is instructive. That case addressed the issue of whether an *Page 39 
order entered at a temporary custody hearing, which allowed the subject minors to remain with their father, constituted an injunction. Allegations of sexual abuse were directed against the father by another child, but the three remaining minors denied any sexual contact with him. As in this case, an appeal was filed on behalf of the minors by the guardianad litem. The court found that the facts giving rise to the order of protection were similar to interim orders, since the parties' rights had not been finally decided. The court held this order not to be injunctive in nature for purposes of appeal and thus not appealable under Rule 307(a)(1).In re Johnny S., 219 Ill. App.3d at 422.
This conclusion is further supported by the court's analysis in In re Marriage of Kitchen, 126 Ill. App.3d 192,467 N.E.2d 344 (1984). In Kitchen, the father appealed from an order finding him in criminal contempt of court for violating a custody order by failing to return his daughter to the custody of her mother following visitation. The court ordered that he appear in court on a rule to show cause, return custody of his daughter to his wife, and pay attorney fees and costs. As in the case at bar, the appeal was based on Rule 307(a)(1) and the father contended that the order was an interlocutory order granting an injunction. The court rejected this argument and found that the order was not in the nature of an injunction.Kitchen, 126 Ill. App.3d at 195. We likewise reject petitioner's argument that jurisdiction is proper in the present case under Rule 307(a)(1). The parties' rights have not been finally decided and the trial court's interim decision to modify the protective order does not elevate this order to one that is appealable under Rule 307(a)(1).
The Illinois Supreme Court in adoption cases has provided for appeal of interlocutory orders terminating parental rights or granting, denying or revoking temporary commitment in adoption cases. 134 Ill.2d R. 307(a)(1). Had the supreme court intended to grant a similar right of appeal from the modification of protective orders, it could have specifically done so. SeeIn re Johnny S., 219 Ill. App.3d at 423.
Finally, petitioner argues this court has the authority to review the order of protective supervision pursuant to Supreme Court Rule 306(a)(5). 166 Ill.2d R. 306(a)(5). Petitioner further argues that this court should disregard the fact that this alternative jurisdictional basis was not expressly stated in the pleadings. We note that no reason was given as to why application to this court was not brought under Rule 306(a)(5).
Rule 306(a)(5) is discretionary and requires a party to petition for leave to appeal to the appellate court. Rule 306(a)(5) provides for permissive appeals "from interlocutory orders affecting the care and custody of unemancipated minors, if the appeal of such orders is not *Page 40 
otherwise specifically provided for in these rules." 166 Ill.2d R. 306 (a)(5). The Kitchen court held that because the father did not comply with the rules by filing an application for leave to appeal, he was barred from using this rule as a jurisdictional basis for appeal. Kitchen, 126 Ill. App.3d at 195.
The court in Johnny S. reached the same conclusion. In that case, the court found that Rule 306 was applicable to an appeal from an order entered at a temporary custody hearing allowing children to remain home with their father. However, because the appellants did not comply with the requirements of Rule 306, the court granted the motion of the respondent-father and dismissed the appeal for lack of jurisdiction. JohnnyS., 219 Ill. App.3d at 423.
Petitioner's reliance on In re Custody of Purdy,112 Ill.2d 1, 490 N.E.2d 1278 (1986), is misplaced, asPurdy is not applicable to the instant case.Purdy involved a change of custody order, which changed custody from the mother to the father. The Purdy court noted:
 "The issue of custody arises *** not as a matter ancillary to the issue of dissolution *** but *** as a result of the father's post-dissolution petition for a change of custody ***. An order for a change of custody in this context constitutes a final, and therefore appealable, order." Purdy, 112 Ill.2d at 5.
The supreme court further noted that there was no concern about piecemeal litigation because "the cause of action [was] a petition for change of custody and all related claims [had] been decided." (Emphasis omitted.) Purdy, 112 Ill.2d at 5.
The change of custody order in Purdy cannot be compared to the order granting Leonard M. supervised overnight visitation with the children in the present case. In the context of this case, the issue of supervised visitation is a matter ancillary to the issue of family unification. The order in this case does not address the issue of custody; Clovia has custody of the minors. The order allows Leonard M. to have supervised overnight weekend visitation two nights per week with the minors with the supervision to be performed by his wife or other competent adult. This alters the previous visitation order only by extending the duration of the visits from 12 hours during the day to overnight visits, to occur no more than 2 times weekly. This order is not comparable to the Purdy order changing custody from one parent to the other, which the court found was "a final, and therefore appealable, order." Purdy, 112 Ill.2d at 5. In the context of the facts in the present case, we can find no similar finality.
To interpret modification of an order of protective supervision in the context of this case as a final order would promote unnecessary piecemeal litigation and eliminate the discretion given to the courts of review under Rule 306(a)(5). *Page 41 
CONCLUSION
We conclude that Rule 306(a)(5) is applicable to this case. Because the minor appellants, through their guardian adlitem, failed to comply with the requirements of Rule 306(a)(5), we grant the motion of the respondent-father and dismiss this appeal for lack of jurisdiction.
Appeal dismissed.
TULLY and GALLAGHER, JJ., concur.