*In re* CURTIS B., a Minor, Respondent-Appellee (The People of the State of Illinois, Petitioner-Appellee, v. Leola B., Respondent-Appellant).

First District (3rd Division)    No. 1—99—2683

Opinion filed August 1, 2001.—Rehearing denied November 7, 2001.

Rita A. Fry, Public Defender, of Chicago (Eileen T. Pahl, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Patrick T. Murphy, Public Guardian, of Chicago, guardian *ad litem*.

PRESIDING JUSTICE HALL delivered the opinion of the court:

The sole issue presented in this appeal is whether section 2—28(3) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/ 2—28(3) (West 1998)), which provides for immediate appeals from permanency orders as a matter of right pursuant to Supreme Court Rule 304(b)(1) (155 Ill. 2d R. 304(b)(1)), violates the separation of powers clause found in article II, section 1, of the Illinois Constitution of 1970 (Illinois Constitution) (Ill. Const. 1970, art. II, § 1).

On July 28, 1999, Leola B., respondent mother, appealed from a July 15, 1999, order of the juvenile court changing the permanency goal for her son Curtis B. to substitute care pending court determination on termination of parental rights pursuant to section 2—28(3)(C) of the Juvenile Court Act.

On April 30, 2001, the State filed a motion to dismiss the respondent mother's appeal for lack of appellate jurisdiction. On May 23, 2001, this court granted the State's motion to dismiss the appeal for lack of appellate jurisdiction. In this opinion, we amplify our reasons for granting the State's motion to dismiss.

■ Section 2—28(3) of the Juvenile Court Act authorizes a court to conduct an initial permanency hearing for minors found to be abused or neglected, and at the conclusion of the hearing the court chooses one of eight permanency goals.[1] Once a permanency goal has been set, the court must conduct permanency hearings at least every

---

[1](A) return home within five months; (B) return home within 12 months;

six months until the court finds that the goal has been achieved. A portion of section 2—28(3) provides that any order entered following a permanency hearing "shall be immediately appealable as a matter of right under Supreme Court Rule 304(b)(1)." 705 ILCS 405/2—28(3) (West 1998).

Supreme Court Rule 304(b)(1) states that "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines a right or status of a party" may be appealed. 155 Ill. 2d R. 304(b)(1). Thus, Supreme Court Rule 304(b)(1) allows for an appeal only from a proceeding "which finally determines a right or status of a party." The jurisdictional problem with section 2—28(3) lies in the fact that it allows a party to immediately appeal from a circuit court's permanency order even though the order does not finally determine a right or status of the party.

Generally, in order for this court to have jurisdiction, the judgment or order appealed from must be final. 134 Ill. 2d R. 303; *Rice v. Burnley*, 230 Ill. App. 3d 987, 991, 596 N.E.2d 105, 107 (1992). "An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *R.W. Dunteman Co. v. C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159, 692 N.E.2d 306, 310 (1998). Accordingly, an order is not final if it leaves a cause pending and undecided, or leaves matters regarding the ultimate rights of the parties for future determination. *In re Petition to Incorporate the Village of Greenwood*, 275 Ill. App. 3d 465, 655 N.E.2d 1196 (1995).

A circuit court's order setting a permanency goal is not final because it "does not *finally* determine a right or status of a party but instead looks at the anticipated *future* status of the child." (Emphasis in original.) *In re D.D.H.*, 319 Ill. App. 3d 989, 991 (2001); see also *In re D.S.*, 198 Ill. 2d 309, 329 (2001) (stressing that " '[t]he selection of a permanency goal is not a final determination on the merits with regard to termination of parental rights but, rather, an intermediate procedural step taken for the protection of and best interests of the child' "), quoting *In re K.H.*, 313 Ill. App. 3d 675, 682, 730 N.E.2d 131, 136 (2000).

We acknowledge that a strong presumption of constitutionality attaches to legislative enactments such as section 2—28(3) of the Ju-

_____

(B-1) return home pending status hearing; (C) substitute care pending court determination on termination of parental rights; (D) adoption; (E) guardianship; (F) substitute care pending independence; or (G) substitute care due to home care being inappropriate. 705 ILCS 405/2—28(2)(A) through (2)(G) (West 1998).

venile Court Act and that the burden rests upon the State, as the challenging party, to demonstrate the statute's invalidity. *People v. Walker*, 119 Ill. 2d 465, 474, 519 N.E.2d 890, 893 (1988). The State contends that section 2—28(3) violates the doctrine of separation of powers set forth in the Illinois Constitution, because it unduly encroaches upon the inherent powers of the judiciary.

In response, respondent mother and the public guardian, as guardian *ad litem* representing Curtis B., argue that section 2—28(3) does not violate the separation of powers clause because it does not directly and irreconcilably conflict with supreme court rules; respondent mother and the Public Guardian cite to *Walker*, 119 Ill. 2d at 473-74, 519 N.E.2d at 892-93, in support of their contention that section 2—28(3) does not conflict with any supreme court rule because the supreme court recognizes that the legislature and courts have concurrent authority to promulgate rules of judicial procedure. We disagree with the respondent mother and public guardian's contentions.

■ The separation of powers clause of the Illinois Constitution provides that "[t]he legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." Ill. Const. 1970, art. II, § 1. Additionally, "[t]he judicial power is vested in a Supreme Court, an Appellate Court and Circuit Courts." Ill. Const. 1970, art. VI, § 1. In " 'both theory and practice, the purpose of the [separation of powers] provision is to ensure that the whole power of two or more branches of government shall not reside in the same hands.' " *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 410, 689 N.E.2d 1057, 1078 (1997), quoting *Walker*, 119 Ill. 2d at 473. However, the separation of powers clause does not seek to achieve a complete divorce among the three branches of government. *In re S.G.*, 175 Ill. 2d 471, 486-87, 677 N.E.2d 920, 927 (1997). Moreover, the clause does not require that governmental powers be divided into " 'rigid, mutually exclusive compartments.' " *In re S.G.*, 175 Ill. 2d at 487, 677 N.E.2d at 927, quoting *Walker*, 119 Ill. 2d at 473.

■ The separation of powers doctrine allows for the three branches of government to share certain functions. *Walker*, 119 Ill. 2d at 473, 519 N.E.2d at 892. The enactment of procedural rules is one such shared function; the legislature has the concurrent constitutional authority to enact statutes that complement the supreme court's procedural rules. *Walker*, 119 Ill. 2d at 475, 519 N.E.2d at 893, citing *O'Connell v. St. Francis Hospital*, 112 Ill. 2d 273, 281, 492 N.E.2d 1322, 1326 (1986). However, the legislature is not empowered to enact statutes that interfere with the procedural administration of the courts. *People v. Joseph*, 113 Ill. 2d 36, 47, 495 N.E.2d 501, 506 (1986); *People v. Warren*, 173 Ill. 2d 348, 367, 671 N.E.2d 700, 710 (1996). In

determining whether a legislative enactment regarding a judicial procedure is constitutional, courts look at whether the statute conflicts with court rules or unduly infringes upon inherent judicial powers. *People v. Bainter*, 126 Ill. 2d 292, 302-03, 533 N.E.2d 1066, 1070 (1989).

In the instant case, the legislature has unduly encroached upon the inherent powers of the judiciary and has attempted to regulate matters of appellate practice and procedure in violation of the separation of powers clause of the Illinois Constitution, by enacting section 2—28(3) of the Juvenile Court Act, which allows a party to immediately appeal a nonfinal permanency order. On March 30, 2001, the Fifth District of the Appellate Court held that it lacked jurisdiction to entertain a respondent mother's appeal from a permanency review order of the circuit court of Jefferson County; the court determined that the respondent mother did not have an appeal as a matter of right under section 2—28(3) of the Juvenile Court Act because it violated the separation of powers clause of the Illinois Constitution by allowing a party to immediately appeal a nonfinal permanency order. *In re D.D.H.*, 319 Ill. App. 3d at 991. On June 14, 2001, the Fourth District of the Appellate Court followed the Fifth District's holding in *In re D.D.H.*, and dismissed an appeal for lack of jurisdiction after finding that a respondent father did not have an appeal as a matter of right under section 2—28(3); the court determined that section 2—28(3) encroached upon the exclusive power of the supreme court to regulate matters of appellate practice and procedure by allowing parties to immediately appeal nonfinal permanency orders. *In re C.B.*, 322 Ill. App. 3d 1011, 1013 (2001). We agree with the analyses given in *In re D.D.H.* and *In re C.B.*

The public guardian also contends that the respondent mother's appeal is proper under section 2—28(3) because a permanency order is final in nature and affects the rights of the parties, since it determines the type of future services that will be offered the child, as well as the parents. We decline to adopt the public guardian's position since as previously stated our supreme court has recently insisted that a permanency order is not a final determination of the parties' rights or status but, rather, is an intermediate step taken in the best interests of the child. *In re D.S.*, 198 Ill. 2d at 329.

In the alternative, the respondent mother claims that her appeal is proper under either Supreme Court Rule 306(a)(5) or Rule 307(a)(1). Rule 306(a)(5) allows a party to petition for leave to appeal to the Appellate Court "from interlocutory orders affecting the care and custody of unemancipated minors, if the appeal of such orders is not otherwise specifically provided for elsewhere in these rules" (166 Ill. 2d R. 306(a)(5)). However, jurisdiction is not proper in the present case

under Rule 306(a)(5) because an order setting a permanency goal of "substitute care pending court determination" is not an appealable final order. See *In re Marriage of Leopando*, 96 Ill. 2d 114, 117-18, 449 N.E.2d 137, 139 (1983) (finding custody order not final and appealable under Rule 304(a), where Rule 306(a) provided that such orders were interlocutory).

Rule 307(a)(1) allows an appeal to be taken to the appellate court from an interlocutory order granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. 166 Ill. 2d R. 307(a)(1). However, in the instant case, Rule 307(a)(1) does not confer jurisdiction upon this court because, again, an order setting a permanency goal of "substitute care pending court determination" is not an appealable final order. See *In re T.M.*, 302 Ill. App. 3d 33, 38-39, 706 N.E.2d 931, 934-35 (1998) (order not found to be injunctive for purposes of appeal under Rule 307(a)(1) where parties' rights have not been finally decided).

In conclusion, we agree with the analyses given in *In re D.D.H.* and *In re C.B.* from our sister districts. The portion of section 2—28(3) of the Juvenile Court Act that allows a party to immediately appeal a nonfinal permanency order is unconstitutional because it unduly encroaches upon the exclusive power of the supreme court to regulate matters of appellate practice and procedure, and therefore, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

CERDA and WOLFSON, JJ., concur.