*In re* MARRIAGE OF CATHERINE A. RYAN, Petitioner-Appellee, and JOHN J. RYAN, Respondent-Appellant.

Second District    No. 2—88—1191

Opinion filed September 21, 1989.

Steven H. Katz and Julie De Lara, both of Steven H. Katz, Ltd., of Waukegan, for appellant.

Roger A. White, of Roger A. White & Associates, Ltd., of Lake Bluff, for appellee.

JUSTICE NASH delivered the opinion of the court:

In this pending action for dissolution of marriage respondent, John J. Ryan, appeals from an order denying a continuance of a hearing and from a judgment entered against him in favor of petitioner, Catherine A. Ryan, for $22,511.12. The appeal is dismissed as it is not from a final order.

Petitioner brought this dissolution action against respondent in 1988, and an agreed order was subsequently entered requiring respondent to pay petitioner $250 per week as temporary maintenance and child support and to pay certain other family debts, including mortgage payments, utilities, dentist, orthodontist and therapists' fees and tuition for the children. In August 1988, petitioner sought entry of a rule to show cause why respondent should not be held in contempt for failure to make certain of the payments ordered. Hearings were continued several times and partially heard on October 14. After further continuances, in part to permit respondent to complete his testimony, the matter was set to be heard on December 5. Respondent moved for a continuance of the hearing, which was denied. He was not present at the December 5 hearing, and no further evidence was offered on respondent's behalf by his attorney.

The trial court entered an order which found that respondent was not in contempt but had failed to pay the debts as ordered and entered judgment for $22,511.12, representing the obligations due through October 14, 1988. The court denied respondent's request that the judgment be stayed and found that there was no just cause to delay its enforcement or appeal.

Although neither party has questioned this court's jurisdiction, we have a duty to raise this question *sua sponte.* (*Waitcus v. Village of Gilberts* (1989), 185 Ill. App. 3d 248, 250, 541 N.E.2d 213, 215.) While respondent has complied with Supreme Court Rule 341(e)(4)(ii) (134 Ill. 2d R. 341(e)(4)(ii)) by making a statement of jurisdiction in his brief,

it is inadequate. It simply states that the appeal is brought pursuant to Rule 304(a) (107 Ill. 2d R. 304(a)) because other issues in the dissolution proceeding have not been adjudicated, and points out that the order contained the requisite Rule 304(a) finding of no just reason to delay enforcement or appeal. However, Rule 304(a) only permits an appeal from a final judgment as to one or more but fewer than all parties or claims, and that is not the posture of this case.

■■ ■ An order is not final unless it terminates the litigation between the parties on the entire controversy or some definite part thereof so that, if the judgment is affirmed, the trial court has only to proceed with execution. (*In re Marriage of Verdung* (1987), 162 Ill. App. 3d 374, 388, 515 N.E.2d 454, 463.) In a dissolution-of-marriage case, the issues of support, property division, dissolution and custody are not separate claims but are issues that are ancillary parts of the single claim for dissolution. (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 120, 449 N.E.2d 137, 140.) To avoid piecemeal appellate review in a dissolution proceeding (such appeals may be of value to counsel but seldom to the parties and never to the reviewing court), orders that determine only a single issue are not appealable until all other issues in the case are finally resolved. The special finding language of Rule 304(a) cannot make a nonfinal order appealable. *In re Marriage of Koch* (1983), 119 Ill. App. 3d 388, 389, 456 N.E.2d 644, 645.

■■ In the present case, the petitioner was not seeking a rule to show cause to enforce a final judgment of dissolution. In post-decree enforcement proceedings, all ancillary issues have already been determined and are ripe for review. In this case, however, no other issue in the dissolution of marriage proceeding had been determined when the notice of appeal was filed. Petitioner was seeking to enforce an order which by its own terms was temporary. A temporary support or maintenance order is nonappealable because it does not constitute a separate claim and is inextricably interrelated to the single claim of dissolution of marriage. Any inequity in a temporary order could be addressed in the trial court either at the hearing for permanent maintenance and division of marital property and debts or on an appeal of the entire case when it is final. (*In re Marriage of Meyer* (1986), 146 Ill. App. 3d 83, 86, 496 N.E.2d 1193, 1195.) The fact that an order is enforceable, as is the judgment sought to be reviewed here, does not necessarily make it appealable (see *First National Bank v. Lewis* (1987), 163 Ill. App. 3d 160, 516 N.E.2d 552).

■■ The case before us actually is not an appeal of a temporary maintenance order but an attempt by petitioner to enforce a temporary maintenance and payment of debt order, as the judgment on appeal

arose out of a petition for rule to show cause. A trial court may enforce a support order by contempt of court (*In re Marriage of Page* (1987), 162 Ill. App. 3d 515, 519, 515 N.E.2d 1061, 1064) or by entering a judgment for an arrearage in ordered payments (*Haymond v. Haymond* (1978), 60 Ill. App. 3d 969, 976, 377 N.E.2d 563, 569). An adjudication of contempt is final and appealable because it is an original, special proceeding collateral to and independent of the case in which it arises, where the imposition of the sanction does not directly affect the outcome of the principal action. (*Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 415, 259 N.E.2d 282, 289; *In re Marriage of Spizzo* (1988), 168 Ill. App. 3d 487, 493, 522 N.E.2d 808, 812.) However, an order arising from the contempt proceeding is not appealable until a sanction is imposed by the trial court. *In re Marriage of Kitchen* (1984), 126 Ill. App. 3d 192, 194, 467 N.E.2d 344, 347.

■ Because the rule to show cause was denied in this case, we do not have jurisdiction to review the judgment, nor do we have jurisdiction simply because the judgment was for arrearages in a fixed amount. That judgment may be modified, be incorporated in a final decree of dissolution, released, or rendered moot in the pending action. Until every issue in the dissolution proceeding is resolved, there is no final order for the purpose of appeal.

There is an additional reason to consider that an appeal of this judgment is premature found in section 505(c) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 505(c)), which states that judgment is deemed entered in the amount of each installment on the due date of the installment of a support order. Although the statute states each such judgment has the full force, effect, and attributes of any judgment of this State, including the ability to be enforced, this fact alone will not confer appellate jurisdiction. If such judgments for arrearages were deemed final for the purposes of appeal, then an appeal conceivably could be taken with every monthly installment, clearly frustrating the purpose of the *Leopando* decision to prevent piecemeal appeals. Moreover, since such judgments can be released by filing an affidavit that the support has been paid (Ill. Rev. Stat. 1987, ch. 110, par. 12—183(i)), the subject of the appeal could become moot during the course of the appeal.

Accordingly, as we lack jurisdiction to now consider it, the appeal must be dismissed.

Appeal dismissed.

DUNN and INGLIS, JJ., concur.