*In re* MARRIAGE OF PHILLIP A. MEYER, Petitioner-Appellant, and LEANNE V. MEYER, Respondent-Appellee.

First District (6th Division)  No. 1—89—2630

Opinion filed April 27, 1990.

Massucci, Blomquist, Brown & Judson, of Arlington Heights (Raymond R. Massucci and Jonathan N. Sherwell, of counsel), for appellant.

Schuyler, Roche & Zwirner, of Chicago (Thomas J. Dillon, David M. Giangrossi, and Michael F. Braun, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Phillip A. Meyer, petitioner and counterrespondent in a marriage dissolution proceeding, appeals from an interlocutory order permitting his wife, Leanne V. Meyer, respondent and counterpetitioner, to use $510,000 of the marital assets to purchase a home. Respondent counters that this court has no jurisdiction to hear the appeal under Supreme Court Rule 307(a) (107 Ill. 2d R. 307(a)). We agree with respondent.

The parties were married on August 3, 1963. They have eight children, four of whom are still minors and reside with respondent, along with two college-age children. On February 17, 1988, petitioner filed this dissolution of marriage action.

On July 27, 1989, respondent sought emergency relief, asking the court to enter an order, pursuant to section 501(a)(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 501(a)(3)), directing that the proceeds of the sale of the parties' real estate be made available to her for the purchase of a certain residence for her and the children, and for such further relief as the court deemed just and equitable.

The motion alleged that the parties had acquired three parcels of real estate in or near Barrington Hills. One house had been sold for $300,000 in cash. A 10-acre parcel of vacant land had been sold for $255,000 in cash. The marital residence was up for sale for $1.1 million. All three pieces of property were unmortgaged.

The motion stated further that in October 1988, the 46-year-old respondent was diagnosed as suffering from a muscle degenerative illness. The disease is called amytrophic lateral sclerosis (ALS), and is commonly known as Lou Gehrig's Disease. The motion attached an affidavit of respondent's physician, Dr. Scott Heller, stating that her disease had progressed quickly and that the deterioration in muscle strength and function would continue.

The motion listed the physical difficulties respondent experienced in being confined to a wheel chair in a two-story home where the mi-

nor children, including a 7-year-old and 10-year-old, had bedrooms upstairs. Respondent asked that she be permitted to use the cash from the sale of the two pieces of real estate, which constituted approximately 30% to 40% of the value of the marital estate, to buy a $510,000 ranch home in Inverness. That home could accommodate her physical needs.

On August 1, 1989, the petitioner moved to strike the motion for temporary relief, arguing that it was a request for "an allocation of marital assets prior to any hearing determining the respective rights and interests of the parties in and to any property in either of the parties' names."

On August 1, 1989, a hearing was held on the motion for temporary relief. Respondent testified that in the past 30 days her condition had deteriorated rapidly. She no longer had complete use of her right hand, right arm, or either leg. She could not stand, turn over in bed, go to the bathroom, or perform other daily functions without significant help. The physical layout of the marital residence further impaired her ability to move from room to room, to get into the bathroom, or even to get out of the house if a fire should occur. The Inverness home which she wished to purchase could accommodate all the necessary physical changes, and the younger children's bedrooms would be on the same level as the master bedroom.

On August 15, 1989, after considering briefs and memoranda, the court orally announced its findings and rulings, and on September 6, 1989, it entered a written order. The court found that respondent "possesses a clearly ascertainable right to the use of the marital estate" along with petitioner; that in view of respondent's severe physical disability, she and the two youngest children would suffer "irreparable harm" in the absence of the relief she requested; that she had "no adequate remedy at law"; that she was "likely to be successful on the merits in a trial of this action" because she would likely be awarded at least 38% of the marital estate, which included real estate valued at $1,340,000; and that respondent's need for the relief "far outweighs any possible prejudice that [petitioner] may suffer as a result of granting the relief requested."

The court denied petitioner's motion to strike and granted respondent's motion for temporary relief. It ordered that "$510,000 of the proceeds of the sale of the real estate owned by the parties shall be applied to the purchase of the real estate and improvements thereon located" in Inverness. It also ordered that the balance of the proceeds would be held in escrow pending the trial of this cause, and that the Inverness home was to be "titled jointly in the names" of

both parties pending further order of the court. This interlocutory appeal followed.

Respondent contends that this court does not have jurisdiction to hear petitioner's interlocutory appeal. Petitioner counters that the order was in fact an injunction, from which an interlocutory appeal can be taken under Supreme Court Rule 307(a) (107 Ill. 2d R. 307(a)).

The threshold issue, then, is to determine whether the order appealed from may be properly characterized as an injunction. (See *JFS v. ABMJ* (1983), 120 Ill. App. 2d 261, 458 N.E.2d 76; *Bullard v. Bullard* (1978), 66 Ill. App. 3d 132, 383 N.E.2d 684.) Tests and definitions regarding which orders are interlocutory or appealable must be considered in light of the facts and relief sought in each case. *In re Organization of Fox Valley Community Airport Authority* (1974), 23 Ill. App. 3d 168, 318 N.E.2d 496.

██ In marital dissolution proceedings, the court may grant temporary relief in the nature of (1) temporary maintenance or child support; (2) preliminary injunction; or (3) "other appropriate temporary relief." (Ill. Rev. Stat. 1987, ch. 40, par. 501(a).) Section 501(a)(3) is an all-inclusive provision which allows a party to move for any other appropriate temporary relief, such as temporary custody; exclusive possession of the marital residence; sequestration of assets; and temporary attorney fees. (Ill. Ann. Stat., ch. 40, par. 501, Historical and Practice Notes, at 377 (Smith-Hurd 1980).) Temporary relief afforded under section 501 is often in the form of neither a temporary restraining order nor a preliminary injunction. Ill. Ann. Stat., ch. 40, par. 501, Supplement to Historical and Practice Notes, at 39 (Smith-Hurd Supp. 1989).

██ In a dissolution of marriage case, issues concerning property disposition or division are not separate claims. Instead, they are related, ancillary parts of the single petition for dissolution. (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137.) "In fact, it is difficult to conceive of a situation in which the issues are more interrelated than those involved in a dissolution proceeding." (*In re Marriage of Leopando*, 96 Ill. 2d at 119, 449 N.E.2d at 140.) Consequently, the Illinois Marriage and Dissolution of Marriage Act discourages piecemeal appeals in the absence of some compelling reason. *In re Marriage of Leopando*, 96 Ill. 2d 114, 449 N.E.2d 137; *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 403 N.E.2d 1036; *In re Marriage of Ryan* (1989), 188 Ill. App. 3d 679, 544 N.E.2d 454.

██ The order here merely permits respondent to use marital assets to purchase another marital asset. The order is not injunctive in nature and cannot be appealed under Supreme Court Rule 307(a). Sim-

ilar to other types of temporary relief which the trial court is required to grant in marital dissolution cases, the order merely permits the parties and their children to continue to function, taking into consideration the changing needs of the family in the face of serious illness.

Petitioner admits that the marital residence was for sale, with an asking price of $1.1 million, prior to respondent's illness. Thus, the family would be moving to a new home upon the sale of that home. Respondent testified that the new home, half the price of the present residence, would accommodate the needs of the large family and her handicap. The court was permitted to grant this temporary relief without entering an injunction.

The court did not adjudicate the property rights and claims of the parties prior to entry of the decree of dissolution. The court expressly stated that title to the new home would be held in the name of both parties. The balance of the proceeds would be held in escrow pending the trial of the cause. If there is any inequity in this temporary order it can be addressed in the trial court at the hearing for permanent maintenance and division of marital property and debts. *In re Marriage of Ryan*, 188 Ill. App. 3d 679, 544 N.E.2d 454; *In re Marriage of Meyer* (1986), 146 Ill. App. 3d 83, 496 N.E.2d 1193.

We find it significant that at the trial level, neither party treated the motion for temporary relief as a petition for injunctive relief. The motion itself contains no language indicating that respondent sought an injunction. The testimony at the hearing did not indicate an injunction was sought. The arguments of the attorneys following the hearing did not indicate the relief sought was injunctive. Nor did the briefs submitted by the parties following the hearing suggest that an injunction was sought. In petitioner's post-hearing brief he made one reference to injunctions when he commented that "[i]f the court exercises its injunctive powers, it is bound by the law regarding preliminary injunctions."

■ We acknowledge that the trial court used language which would be relevant to the issuance of a preliminary injunction. However, it is the substance, not the form, of an order which determines whether or not the order is appealable under Rule 307(a). (See *Lake Shore Racquet Club, Inc. v. Fireman's Fund Insurance Cos.* (1980), 91 Ill. App. 3d 1118, 415 N.E.2d 625.) Moreover, even if the standards used by the trial court to determine whether or not to grant the temporary relief were equivalent to those applied in granting injunctive relief, it did not transform the order into an injunction. See *Gorr v. Board of Fire & Police Commissioners* (1984), 129 Ill. App. 3d 327, 472 N.E.2d 587.

■ In addition, if jurisdiction existed, we would go on to find that, in view of the facts cited here and the testimony contained in the record, the trial court's order granting respondent's motion for temporary relief was not an abuse of discretion. Petitioner has failed to meet his burden of proving that the court abused its discretion in granting temporary relief. (See *In re Marriage of Thornqvist* (1979), 79 Ill. App. 3d 791, 399 N.E.2d 176.) Significantly, the legal characterization of the $510,000 escrow fund as a marital asset has not been altered by the order for temporary relief. Petitioner and respondent benefit equally from the court's direction that title to the Inverness house be placed in both of their names. Moreover, at oral argument, the parties agreed that petitioner agreed to sell the house prior to the discovery of respondent's illness. Petitioner offered no evidence as to why the health diagnosis should alter that plan.

All the evidence showed that the new home served respondent's medical needs, facilitating her ability to continue to function on a day-to-day basis in a home with her family. The new home also served the needs of the children and was located in the same community and same school district as the marital residence. The trial court was certainly not required to adopt petitioner's suggestions to remodel or rearrange the marital residence, *e.g.*, by having the two youngest children sleep in the dining room so they would be near their mother, or by tearing down walls to accommodate the wheel chair. This is true particularly in light of the fact that the house was on the market and being shown to potential purchasers. The evidence strongly supported the trial court order granting respondent's request for temporary relief.

For the foregoing reasons, the interlocutory appeal from the order of the circuit court of Cook County is dismissed for lack of jurisdiction.

Appeal dismissed.

LaPORTA, P.J., and EGAN, J., concur.