*In re* MARRIAGE OF ERROL C. O'BRIEN, Petitioner, and PAMELA J. O'BRIEN, Respondent-Appellee (Kelly Lynn O'Brien, Additional Respondent-Appellant).

First District (5th Division)   No. 1—92—2777

Opinion filed February 26, 1993.

Bernard L. Rivkin and Lee M. Weisz, both of Braun & Rivkin, Ltd., of Chicago, for appellant.

Jay D. Stein, of Gould & Ratner, and David M. Stein, of Stein & Stein, both of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

On July 14, 1992, the trial court issued an order implementing a judgment of dissolution between Errol and Pamela O'Brien. Kelly Lynn O'Brien, an additional party respondent, appealed contending that this court had jurisdiction to review an otherwise nonfinal order because of the injunctive nature of such order. For the reasons which follow, we disagree.

On April 15, 1992, the trial court entered a judgment for dissolution of the marriage of Errol C. O'Brien and Pamela J. O'Brien. In this judgment, the trial court found that Errol had fraudulently conveyed certain assets (including real estate, automobiles, furs and jewelry), which it construed to be marital property, to Kelly Lynn O'Brien, his adult daughter from a prior marriage. (Kelly Lynn had been joined in the dissolution proceedings as an additional party respondent.) Accordingly, the court imposed a constructive trust on a list of specified properties, both real and personal. (These properties had previously been protected by temporary injunctive and restraining orders of June 18, 1991, June 26, 1991, and September 11, 1991.) In the judgment of dissolution, the court ordered that Errol and Kelly were to "as soon as possible" return to the marital estate all marital assets, as defined in the order, and place the assets in the names of Errol and Pamela, jointly. To protect the assets held in Kelly's name while the transfers were being made, the court continued in place the injunctions which it had previously issued. The court further divided the marital assets based on the premise that these would be returned to the marital estate. The court also ordered Errol and Kelly to account to Pamela for certain receipts and expenditures, and reserved the determination of maintenance and attorney fees. Appellant did not timely appeal that part of the judgment of dissolution of marriage which ordered a return of the marital assets to the marital estate and continued in place the injunctions previously issued.

On July 14, 1992, the trial court issued an order to implement the judgment of dissolution. That order provided in relevant part that Kelly permit access by Baird and Warner to properties in Worth and Orland Park, Illinois; that Kelly sign a real estate contract for the Pa-

los Park real estate, and that the proceeds of such sale be held in escrow; that Kelly find a broker for the Scottsdale, Arizona, property within 14 days; that Kelly and Errol provide a written estimate within seven days for the cost to repair the Mercedes automobile; and that Kelly and Errol provide the accounting required by the dissolution of marriage by a specified date. This is the order from which Kelly has appealed.

■■ ■ In her argument on appeal, Kelly asserts that this court has jurisdiction to review the July 14 order pursuant to Supreme Court Rule 307(a) (107 Ill. 2d R. 307(a)), which provides that an appeal may be taken to the appellate court from an interlocutory order granting, refusing, dissolving, or refusing to dissolve or modify an injunction.[1] Appellee maintains that the July 14 order is not an injunction, but rather an administrative or procedural order, designed to implement the judgment for dissolution of marriage and that, consequently, the relied-upon supreme court rule does not provide jurisdictional authority. Black's Law Dictionary defines an "injunction" as "[a] judicial process operating in personam, and requiring [a] person to whom it is directed to do or refrain from doing a particular thing." (Black's Law Dictionary 705 (5th ed. 1979).) Our review of the order at issue indicates that while it does require appellant to do several "things," those "things" merely serve to implement that part of the judgment of dissolution which ordered a return of the marital assets to the marital estate and an accounting. For example, showing and selling the aforementioned real estate will enable an accurate accounting to be made and will assist the court in arriving at appropriate figures for a maintenance award. The appellant did not timely appeal that part of the judgment of dissolution ordering her to return the above-mentioned property to the marital estate and continuing the previous injunctions in place, nor does she now request a review of the propriety of that part of the judgment. Even if a timely appeal had been taken, in fact, she has not provided us with a record of the proceedings below upon which a review might be predicated. Rather, appellant in her prayer for relief only requests a stay of enforcement

---

[1]Although the order appealed from does contain final and appealable language ("there is no just reason to delay enforcement on appeal"), appellant does not argue that this court has jurisdiction pursuant to Rule 304(a) (107 Ill. 2d R. 304(a)). However, even if appellant had advanced this argument, it would fail as the order does not terminate the litigation between the parties, and therefore, the special finding language does not make a nonfinal order appealable. *In re Marriage of Ryan* (1989), 188 Ill. App. 3d 679, 544 N.E.2d 454.

of the judgment of dissolution until all pending matters below have been resolved. We have, heretofore, denied a similar request for relief. When all of the issues surrounding the dissolution have been resolved, then all will be appealable simultaneously. Until then, we must follow the well-settled policy of our supreme court which discourages piece-meal litigation of judgments of dissolution. (*In re Marriage of Leopando* (1983), 96 Ill. 2d 114, 449 N.E.2d 137.) Accordingly, we dismiss this appeal.

Dismissed.

MURRAY and COUSINS, JJ., concur.