2021 IL App (1st) 200769-U

No. 1-20-0769

Order filed March 25, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF KERRY PARIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| and | ) | No. 16 D 4685 |
| | ) | |
| FRANK MARTIN PARIS JR., | ) | Honorable |
| | ) | Abbey Fishman Romanek, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Gordon and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: Interlocutory appeal of an order granting one spouse temporary exclusive possession of the marital residence is dismissed based on lack of jurisdiction because the appellant failed to file his notice of interlocutory appeal within 30 days of that injunctive relief order.

¶ 2    In this interlocutory appeal from marriage dissolution proceedings, respondent Frank Martin Paris Jr. (Martin) challenges the trial court's order that granted petitioner Kerry Paris temporary exclusive possession of the marital residence.

¶ 3    Specifically, Martin argues that the trial court incorrectly used the best-interests-of-the-children standard in reaching its decision. He also argues the court's ruling that co-occupancy of the marital resident jeopardized the well-being of Kerry and the children was against the manifest weight of the evidence.

¶ 4    For the reasons that follow, we dismiss this appeal based on lack of jurisdiction.[1]

¶ 5                                I. BACKGROUND

¶ 6    In May 2016, Kerry filed a petition for dissolution of marriage. She and Martin were married for 14 years and had seven children, whose ages ranged from 2 to 12 years old.

¶ 7    In March 2017, the trial court entered an order that established a "bird nesting" arrangement whereby the party who was exercising parenting time with the children would have exclusive possession of the marital residence during that parenting time.

¶ 8    In March 2019, Kerry petitioned the court for exclusive possession of the marital residence under section 501(c-2) of the Illinois Marriage and Dissolution of Marriage Act (Act), which provides:

> "Allocation of use of marital residence. Where there is on file a verified complaint or verified petition seeking temporary eviction from the marital residence, the court may, during the pendency of the proceeding, only in cases where the physical or mental well-being of either spouse or his or her children is jeopardized by occupancy of the marital residence by both spouses, and only upon due notice and full hearing, unless waived by the court on good cause shown, enter

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

orders granting the exclusive possession of the marital residence to either spouse, by eviction from, or restoration of, the marital residence, until the final determination of the cause pursuant to the factors listed in Section 602.7 of this Act. No such order shall in any manner affect any estate in homestead property of either party. In entering orders under this subsection (c-2), the court shall balance hardships to the parties." 750 ILCS 5/501(c-2) (West 2018).

¶ 9    After a three-day hearing, the trial court, on January 30, 2020, awarded Kerry temporary exclusive possession of the marital residence.

¶ 10    On February 13, 2020, Martin moved the court, pursuant to section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2018)), to reconsider its January 30, 2020 order. Specifically, Martin argued that the trial court failed to apply the law regarding the element of jeopardy to physical or mental well-being, the evidence failed to meet the standards of the applicable law, and the court failed to balance the hardships to Martin and the children.

¶ 11    On June 3, 2020, the court denied Martin's motion to reconsider and denied his request to stay the temporary exclusive possession order pending appeal. This oral ruling was included in a written order dated June 4, 2020.

¶ 12    On June 17, 2020, Martin filed a notice of interlocutory appeal, appealing from the trial court's January 30, 2020 order and the order denying his motion to reconsider.

¶ 13                                II. ANALYSIS

¶ 14                                Jurisdiction

¶ 15    Jurisdiction is a threshold issue which may be raised at any time (*Geise v. Phoenix Co. of Chicago, Inc.*, 159 Ill. 2d 507, 515 (1994)), and this court has an independent duty to consider its

jurisdiction and dismiss an appeal where jurisdiction is lacking (*Palmolive Tower Condominiums, LLC v. Simon*, 409 Ill. App. 3d 539, 542 (2011)). The appellant bears the burden of establishing jurisdiction. *U.S. Bank National Ass'n v. In Retail Fund Algonquin Commons, LLC*, 2013 IL App (2d) 130213, ¶ 24 (citing Ill. S. Ct. R. 341(h)(4) (eff. July 1, 2008)).

¶ 16　Martin contends that this court has jurisdiction over his interlocutory appeal based on Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), which allows an interlocutory appeal from a trial court order granting, modifying, refusing, dissolving or refusing to dissolve or modify an injunction.

¶ 17　Initially, Kerry argued that this appeal should be dismissed for lack of jurisdiction because the trial court's January 30, 2020 order granted only temporary relief and was neither a temporary restraining order nor an injunction. Kerry later supplemented her argument, adding that Martin failed to timely appeal the interlocutory order under Rule 307(a)(1).

¶ 18　An injunction is "a 'judicial process operating in personam, and requiring [a] person to whom it is directed to do or refrain from doing a particular thing.' " *In re A Minor*, 127 Ill. 2d 247, 261 (1989) (quoting Black's Law Dictionary 705 (5th ed. 1983)). However, a nonfinal court order compelling a party to do or not do a particular thing is not necessarily an appealable injunctive order under Rule 307(a)(1). *Id*. at 261-62. Orders that regulate only the procedural details of the litigation before the court are deemed ministerial or administrative and cannot be the subject of an interlocutory appeal. *Id*. at 262. Such ministerial or administrative orders do not affect the relationship of the parties in their everyday activity apart from the litigation, and are therefore distinguishable from traditional forms of injunctive relief. *Id*.

¶ 19    To support her argument that this appeal does not involve an injunctive order, Kerry cites *In re Marriage of Eckersall III*, 2014 IL App (1st) 132223, where an order that prohibited the mother from participating in certain behaviors when her children were in her custody was not an injunction for purposes of permitting interlocutory appeal because the order did not adjudicate any substantive issues or preserve the *status quo*, but instead was merely ministerial, setting the terms and conditions of visitation. Specifically, the prohibited behaviors included using corporal punishment to discipline the minor children; discussing the pending litigation in the presence of the children; questioning the children about their preferences regarding custody or visitation; questioning or coaching the children regarding court testimony or interviews; engaging in any kind of electronic surveillance of the other party or the children; consuming alcohol or nonprescription drugs in the presence of the children; permitting unrelated members of the opposite sex to reside overnight while the children are present; criticizing or placing the other party in a negative light; and removing the children from the state without either written consent from the other party or a court order.

¶ 20    Kerry's reliance on *Eckersall* is misplaced because the order at issue here is not merely ministerial or administrative. The order in question affects the parties in their everyday activity apart from the litigation because it prevents Martin from entering a residence in which he has an ownership interest and temporarily gives Kerry exclusive possession of that residence. See *In re Marriage of Blitstein*, 212 Ill. App. 3d 124, 130 (1991) (order was an injunction because it clearly affected the parties' everyday activities apart from the lawsuit since it prevented the respondent from entering a residence in which he had an ownership interest and provided the petitioner with

exclusive possession of the residence).[2] We conclude that the trial court's January 30, 2020 order was an appealable interlocutory injunctive order under Rule 307(a)(1).

¶ 21    According to the plain language of Rule 307(a), a party is allowed to appeal an interlocutory order as long as the appeal is "perfected within 30 days from the entry of the interlocutory order by filing a notice of appeal designated 'Notice of Interlocutory Appeal.' " Ill. S. Ct. R. 307(a). Accordingly, Martin's due date to appeal the trial court's January 30, 2020 interlocutory order that granted Kerry temporary exclusive possession of the marital residence was March 2, 2020 (because the 30th day fell on a weekend). Martin, however, did not file his notice of appeal until June 17, 2020.

¶ 22    Furthermore, Martin's February 13, 2020 motion to reconsider the January 30, 2020 interlocutory order did not toll the time for filing his appeal. See *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 39 (citing *Trophytime, Inc. v. Graham*, 73 Ill. App. 3d 335, 335 (1979); see also *People v. Marker*, 233 Ill. 2d 158, 174 (2009) (a motion to reconsider does not toll the deadline for filing a notice of appeal of an interlocutory order in a civil matter); *Craine v. Bill Kay's Downers Grove Nissan*, 354 Ill. App. 3d 1023, 1025-29 (2005) (the denial of a motion to reconsider is not an appealable interlocutory order pursuant to Rule 307(a)(1)); *Robert A. Besner & Co. v. Lit America, Inc.*, 214 Ill. App. 3d 619, 625-26 (1991) (the plaintiff's notice of appeal from the trial court's denial of plaintiff's motion to reconsider was meaningless because an appeal subject to Rule 307(a)(1) must be timely taken); *In re Adoption of Anderson*, 88 Ill. App. 3d 42,

---

[2] *Blitstein*'s analysis of an issue unrelated to the instant appeal—*i.e.*, the applicable standard of review for abuse findings under the domestic violence statute—was subsequently invalidated by *Best v. Best*, 223 Ill. 2d 342, 350 (2006) (applying the manifest weight of the evidence standard). *Best*'s invalidation of that analysis on that unrelated issue does not detract from *Blitstein*'s relevance in our resolution of this appeal.

44 (1980) (if a litigant chooses to appeal an interlocutory order under Rule 307(a)(1) instead of waiting for the court to issue a final order, then the litigant has only 30 days from the entry of the interlocutory order to perfect an appeal)). Consequently, we conclude that Rule 307(a)(1) is not a basis for this court to exercise jurisdiction over Martin's interlocutory appeal.

¶ 23    Martin argues that his motion to reconsider was actually a motion to vacate the temporary exclusive marital residence possession order and thus is equivalent to a motion to modify or dissolve an injunction and therefore appealable under Rule 307(a)(1).

¶ 24    We reject Martin's argument. The character of a pleading is determined by its content (*In re Scarlett Z.-D.*, 2015 IL 117904, ¶ 64), and his motion did not request to modify or dissolve an injunction as understood by Rule 307(a)(1) (*Cf. In re Marriage of Fischer*, 228 Ill. App. 3d 482, 488 (1992) (quoting *Benson v. Isaacs*, 22 Ill. 2d 606, 609 (1961)) ("an 'injunction will be modified or dissolved, as to its prospective effect, where the court finds that the law has changed or that equity no longer justifies a continuance of the injunction' ")). Rather, Martin's motion bore all the indicia of a motion to reconsider that sought to bring to the trial court's attention changes in the law or errors in the court's application of the law. See *In re Marriage of Schlei*, 2015 IL App (3d) 140592, ¶ 21 (stating the purpose of a motion to reconsider).

¶ 25    Consequently, we conclude that Rule 307(a)(1) is not a basis for this court to exercise jurisdiction over Martin's interlocutory appeal.

¶ 26                                III. CONCLUSION

¶ 27    For the foregoing reasons, we dismiss this appeal based on lack of jurisdiction.

¶ 28    Appeal dismissed.