2023 IL App (1st) 221763

No. 1-22-1763

Opinion filed November 22, 2023

FIFTH DIVISION

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF HALINA GABRYS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County. |
| | ) | |
| and | ) | |
| | ) | No. 20 D5 30128 |
| CZESLAW GABRYS, | ) | |
| | ) | |
| Respondent-Appellee. | ) | Honorable |
| | ) | D. Renee Jackson, |
| | ) | Judge presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court, with opinion.
Justice Lyle and Justice Navarro concurred in the judgment and opinion.

**OPINION**

¶ 1     Did the circuit court abuse its discretion in ordering the sale of the marital residence during the pendency of this divorce case? That is the question that we must answer in petitioner Halina Gabrys's interlocutory appeal from an order granting respondent Czeslaw Gabrys' motion to sell the marital residence. Because we conclude that the circuit court did abuse its discretion, we reverse.

¶ 2     Petitioner Halina Gabrys and respondent Czeslaw Gabrys married in 1986 in Krakow, Poland. Both parties have resided in the State of Illinois for over 30 years. They had a single child

together, who is deceased. In 2020, petitioner filed an action for dissolution of marriage. At the commencement of this action, petitioner resided at the parties' marital residence in Burr Ridge, Illinois. She was 65 years of age and had been unemployed ever since she left the employment of respondent's business in April 2019. Respondent was 63 years of age, resided at a property that he rented in Oak Brook, Illinois, and was a 50% shareholder and owner of two businesses from which he received a substantial income. Respondent now resides in Florida and has ceased paying rent on the Oak Brook property. In November 2020, the circuit court ordered respondent to pay petitioner $5000 each month as temporary maintenance and to pay the mortgage, utilities, and other expenses for the Burr Ridge residence. Petitioner's only income is the $5000 in temporary maintenance and $544 in monthly social security benefits.

¶ 3     In late July 2022, petitioner traveled to Poland. During a hearing on September 1, 2022, the circuit court told petitioner's counsel that it expected petitioner to be available for respondent to conduct a deposition of petitioner on September 7, 2022. Petitioner remained in Poland and did not sit for the deposition. Respondent then filed notice, pursuant to Illinois Supreme Court Rule 237(b) (eff. Oct. 1, 2021), requiring petitioner to attend the scheduled September 20, 2022 hearing as an adverse witness and to produce various documents.

¶ 4     Petitioner did not appear at the September 20, 2022 hearing, which was conducted virtually on Zoom. The circuit court found that there was no justification for petitioner's failure to attend. After hearing the arguments of counsel, the circuit court granted respondent's motions to sell the marital residence and to permit respondent's appraiser access to the marital residence. Petitioner filed an emergency motion for reconsideration of the court's granting of respondent's motions concerning the marital residence. On October 19, 2022, the circuit court entered an order denying

petitioner's motion for reconsideration and ordering that the sale of the Burr Ridge residence proceed immediately. At petitioner's request, the circuit court included a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) in the order. On November 18, 2022, petitioner filed her notice of appeal to this court, citing Rule 304(a).

¶ 5    Although neither party contests our jurisdiction, we have an independent duty to determine whether jurisdiction is proper. *Mayle v. Urban Realty Works, LLC*, 2020 IL App (1st) 191018, ¶ 36. Petitioner asserts that Rule 304(a) provides jurisdiction over this appeal. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Rule 304(a) states that:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." *Id.*

A court's order is a final judgment under Rule 304(a) if it "terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof." *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 23.

¶ 6    Here, the court included the requisite written finding, but the court's order in substance was not final as to a claim or a party and, thus, could not be the subject of a proper finding under Rule 304(a). *Lozman v. Putnam*, 328 Ill. App. 3d 761, 767 (2002) ("An order which includes language stating that it was entered pursuant to Rule 304(a) nevertheless may not be appealable unless it is a final judgment."). The sale of the marital residence is not a separate claim between the parties. *In re Marriage of Meyer*, 197 Ill. App. 3d 975, 978 (1990) ("In a dissolution of marriage case, issues concerning property disposition or division are not separate claims. Instead, they are

related, ancillary parts of the single petition for dissolution."). Further, temporary orders entered under section 501 of the Illinois Marriage and Dissolution of Marriage Act terminate when the final judgment is entered or the petition for dissolution of marriage is dismissed. 750 ILCS 5/501(d)(3) (West 2022). Rule 304(a) does not provide jurisdiction over this appeal.

¶ 7    In general, the filing of a notice of appeal is the only jurisdictional step required to perfect an appeal. *In re D.D.*, 212 Ill. 2d 410, 417 (2004). Therefore, "where an appellant cites an incorrect supreme court rule as a basis for jurisdiction in its notice of appeal, that deficiency does not divest this court of jurisdiction." *In re the Living Trust of Miller*, 396 Ill. App. 3d 910, 913 (2009) (citing *In re D.D.*, 212 Ill. 2d at 416-17). Rule 307(a)(1) allows an appeal from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017). However, the appeal must be perfected within 30 days from the entry of the interlocutory order. Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017). A motion to reconsider an interlocutory order does not toll the 30-day deadline for filing the notice of appeal. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 39 (collecting cases); *Craine v. Bill Kay's Downers Grove Nissan*, 354 Ill. App. 3d 1023, 1026 (2005). Therefore, to appeal the circuit court's September 20, 2022 order, petitioner had to file her notice of appeal on or before October 20, 2022. Instead, she filed her notice of appeal on November 18, 2022. See *In re Marriage of Paris*, 2021 IL App (1st) 200769-U, ¶¶ 21-22; *Salviola*, 2020 IL App (1st) 182185, ¶ 39.

¶ 8    Ordinarily, we have no jurisdiction to consider the circuit court's denial of a motion to reconsider: it is not an appealable interlocutory order under Rule 307(a)(1) because denying reconsideration does not grant, modify, refuse, dissolve, or refuse to dissolve or modify an injunction. Ill. S. Ct. R. 307(a)(1) (eff. Nov. 1, 2017); *Craine*, 354 Ill. App. 3d at 1027. The denial

of reconsideration is simply a refusal to reconsider the circuit court's previous decision rather than a refusal to modify or dissolve the injunction. *Craine*, 354 Ill. App. 3d at 1027. Here, however, the circuit court did not just deny reconsideration; the circuit court also modified its prior grant of injunctive relief by ordering "the sale of the home shall immediately proceed." This language was not present in the prior September 20, 2022 order. That modification of the injunctive order makes the October 19, 2022 order appealable under Rule 307(a)(1). Petitioner filed her November 18, 2022 notice of appeal within 30 days of the circuit court's October 19, 2022 order, so we have jurisdiction.[1]

¶ 9    Petitioner argues that the circuit court abused its discretion when it ordered that "the sale of the home shall immediately proceed" because the order violated section 501 of the Illinois Marriage and Dissolution of Marriage Act, was not supported by credible evidence, and altered the status quo of the parties' marital assets for no legitimate reason. See 750 ILCS 5/501 (West 2022). Respondent argues that the circuit court acted within its discretion because the petitioner is residing primarily in Poland and not in the marital residence.

¶ 10    Under section 501 of the Illinois Marriage and Dissolution of Marriage Act, the circuit court may grant temporary relief in marriage dissolution proceedings. See *id.* This temporary relief can take the form of (1) temporary maintenance or child support, (2) temporary restraining orders or preliminary injunctions, or (3) "other appropriate temporary relief." *Id.* § 501(a)(1)-(3); *Meyer*,

---

[1] Since we have jurisdiction over the October 19, 2022 order, we also have jurisdiction over the September 20, 2022 order because the "scope of review under Rule 307 include[s] the review of any prior error bearing directly upon the question of whether the order on appeal was proper." *In re Marriage of Ignatius*, 338 Ill. App. 3d 652, 656 (2003); *Sarah Bush Lincoln Health Center v. Berlin*, 268 Ill. App. 3d 184, 187 (1994). Either way, we have jurisdiction over the principal issue on appeal—namely, whether the circuit court abused its discretion in ordering the sale of the marital residence during the pendency of litigation.

197 Ill. App. 3d at 978. Section 501(a)(3) is an all-inclusive provision that allows circuit courts to grant "other appropriate temporary relief including, in the discretion of the court, ordering the purchase or sale of assets and requiring that a party or parties borrow funds in the appropriate circumstances." 750 ILCS 5/501(a)(3) (West 2022); *Meyer*, 197 Ill. App. 3d at 978 (stating that section 501(a)(3) is an "all-inclusive provision"). A temporary order entered under section 501 of the act does not prejudice the rights of the parties, may be revoked or modified before final judgment on a showing by affidavit and upon hearing, and terminates when final judgment is entered. 750 ILCS 5/501(d)(1)-(3) (West 2022). We review the grant of injunctive relief for an abuse of discretion. *Indeck Energy Services, Inc. v. DePodesta*, 2021 IL 125733, ¶ 64.

¶ 11     Respondent argues that ordering the sale of the marital residence is required to avoid dissipation of assets because he claims the petitioner is living primarily in Poland. However, paying a mortgage and property taxes on a marital asset prior to dissolution is *not* dissipation. *In re Marriage of Hubbs*, 363 Ill. App. 3d 696, 700 (2006) ("Dissipation refers to a spouse's use of marital property for his or her sole benefit for a purpose unrelated to the marriage at a time when the marriage is undergoing an irreconcilable breakdown."). It is merely maintaining the status quo pending final dissolution by supporting a marital asset with other marital assets. See *In re Marriage of Miller*, 342 Ill. App. 3d 988, 994 (2003) (holding that the payment of property taxes on marital property was not dissipation because it did not "squander the marital estate's value"). The relief contemplated under section 501 is intended to be temporary pending final dissolution. The sale of the marital residence in this instance, however, is not temporary. See *In re Marriage of Roman-Kroczek*, 2021 IL App (1st) 210613, ¶ 20 (holding that the circuit court's order regarding the sale

of a marital residence was not temporary because it required the parties to list and sell a unique asset).

¶ 12    To be sure, section 501 authorizes the sale of an asset prior to final dissolution, but that is appropriate only in extraordinary circumstances, where such a sale is required to otherwise maintain the status quo prior to final dissolution. See *id.* ¶¶ 28-29; 1 Gunnar J. Gitlin & H. Joseph Gitlin, *Gitlin on Divorce: A Guide to Illinois Family Law* § 5-3(c)(2) (5th ed. 2023) ("Historically, the courts have been reluctant to require the selling of assets except under the [most] dire circumstances, based on fear that what are long-term issues (resolved at the conclusion of the case to avoid piecemeal litigation) will become short-term issues addressed via temporary litigation."). To avoid foreclosure of the marital residence, for example, it might be appropriate for a circuit court to order the sale of other marital assets (e.g., securities). *Cf. St. Angelo v. St. Angelo*, 496 N.Y.S.2d 633, 635 (Sup. Ct. 1985) (ordering the sale of the marital residence during the pendency of the litigation where the marital residence was in "imminent danger of foreclosure"). In that extraordinary circumstance, the circuit court is endeavoring to maintain the status quo pending final dissolution by preserving a marital asset with the sale of another marital asset.

¶ 13    Here the "immediate" sale of the marital residence is wholly unnecessary. There is no exigency that necessitated the sale. A court should not use section 501(a)(3) to unnecessarily "adjudicate the property rights and claims of the parties prior to entry of the decree of dissolution." *Meyer*, 197 Ill. App. 3d at 979. The sale order does not maintain the status quo, and it, in fact, constitutes a permanent injunction without adequate justification. See *Roman-Kroczek*, 2021 IL App (1st) 210613, ¶ 29; *In re Marriage of Hartney*, 355 Ill. App. 3d 1088, 1090 (2005) ("Courts have recognized the need to protect the status quo of financial assets in marital estates during the

pendency of divorce proceedings."). Suffice it to say, the allocation of the marital residence will need to be addressed in the final dissolution, but it is injudicious (absent extreme circumstances) to order the sale of marital assets on an interim basis. See *Roman-Kroczek*, 2021 IL App (1st) 210613, ¶ 27.

¶ 14    This simple divorce case is now over 45 months old, with the last 12 months attributed to this interlocutory appeal. Significantly, because petitioner mistakenly brought the appeal under Rule 304(a) and respondent failed to raise the error, this appeal proceeded along a standard briefing track. That should not have happened. Rule 307 provides for a truncated briefing schedule in this type of interlocutory appeal with all briefing completed within 21 days of filing of the record. Ill. S. Ct. R. 307(c) (eff. Nov. 8, 2017). We urge the parties and their counsel to bring this case to trial without further delay.

¶ 15    The October 19, 2022 order of the circuit court of Cook County is reversed.

¶ 16    Reversed.